Florence HILL, Respondent,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Appellant.

No. 48006.

Supreme Court of Missouri, Division No. 1.

Nov. 14, 1960.

Motion for Modification of Opinion, or for Rehearing or to Transfer to Court En Banc Denied Dec. 12, 1960.

Frank B. Green, St. Louis, for appellant.

Willson, Cunningham, McClellan & Gunn, Richard D. Gunn, St. Louis, for respondent.

HOLMAN, Commissioner.

Plaintiff instituted this action for the recovery of damages for the alleged wrongful death of her husband, Bernard M. Hill. On March 30, 1959, a Renault automobile being driven by Mr. Hill was struck by one of defendant's streetcars which was being operated northwardly on Grand Avenue in St. Louis, Missouri. Mr. Hill died about two hours later as a result of injuries received in the collision. The trial resulted in a verdict for plaintiff in the sum of $12,500. Defendant has appealed. Since the amount in dispute exceeds $7,500, and the notice of appeal herein was filed prior to January 1, 1960, we have jurisdiction of this appeal. Article V, Section 3, Constitution of Missouri 1945, V.A.M.S.; Section 477.040, as amended Laws 1959, P.P. Vol. 27, V.A.M.S.

The case was submitted to the jury upon the humanitarian hypothesization that " * * * defendant's operator in charge of operating its said streetcar saw, or by the exercise of ordinary care could have seen the deceased, Bernard M. Hill, and the automobile operated by him in the said position of imminent peril and danger, if you so find, in time thereafter by the exercise of ordinary care, and by the use of the appliances and means available to him on said streetcar and with reasonable safety to himself, to the defendant's said streetcar and to all passengers riding thereon to have, by the exercise of ordinary care, stopped said streetcar, if you so find, and by so doing could have avoided said collision * * *." The sole contention of defendant upon this appeal is that plaintiff failed to make a submissible case and hence the trial court erred in overruling its motion for a directed verdict. All of the testimony relating to the manner in which the collision occurred was offered by plaintiff. The evidence will be stated in the light most favorable to plaintiff.

The casualty in question occurred in the 2900 block of Grand Avenue. That block extends from Dodier Street on the south to Greer Avenue on the north. Grand Avenue at that point is level, runs north and south, and is 80 feet wide. In the center are two sets of streetcar tracks, those on the east being used for northbound and on the west for southbound streetcars. The distance from the east rail of the northbound tracks to the east curb of Grand is approximately 32 feet. East of the northbound track there are three lanes for northbound vehicular traffic. Decedent, a 61-year-old automobile salesman, was employed by Service Center, a Renault dealer, located a little north of the center of the block in question on the east side of the street. The Renault involved in the collision was parked at the east curb of Grand in front of the Service Center. In a manner hereinafter more specifically detailed, decedent entered the Renault alone and within a short distance had driven it into the path of defendant's northbound streetcar and the right front corner of the streetcar collided with the left side of the Renault.

The operator of the streetcar, Joseph Paszkiewicz, testified that the collision occurred about 9 p. m. on the date heretofore mentioned; that as the streetcar approached the point of collision it was traveling at a speed of between 20 and 25 m. p. h.; that he saw the Renault moving away from the east curb "basically north but slightly northwestward"; that at that time he released the power which reduced the speed of the streetcar but not below 20 m. p. h.; that the automobile was then 75 feet from the streetcar; that it continued in that direction until the vehicles were 50 feet apart, at which time the Renault "suddenly swerved directly westward"; that at the time the Renault was suddenly swerved to the west it was from 12 to 15 feet east of the east rail of the northbound tracks; that at that time he saw that a collision was likely to occur and used all available brakes, which included the motor brake, the drum brake, the track brake, and the emergency brake, in an effort to stop the streetcar, but was unable to avoid hitting the car; that just prior to the collision the Renault

was turned back northwardly and traveled about 5 feet to the north before contact; that the vehicles traveled about 15 feet after the collision before they came to a complete stop.

Mr. Paszkiewicz further testified that the weather was clear and the pavement dry; that the streetcar was in good mechanical condition and had good brakes that were operating properly; that when he first saw the Renault he sounded the gong "to let him know that I was there"; that at 8 m. p. h. the streetcar could be stopped in from 12 to 15 feet, and at a speed of from 20 to 25 m. p. h. it could be stopped in about 80 feet; that the Renault was from 10 to 12 feet long; that decedent gave no signal of any kind showing an intention to turn to the left; that at the point in question there were overhead mercury street lights which "is a very bright type of light."

Two of the passengers on the streetcar were called as witnesses. They were Mr. and Mrs. John H. Whitaker. Mrs. Whitaker expressed the opinion that the streetcar had been operated from 6 to 15 m. p. h. from Dodier Street to the point of impact (200 feet); that the speed of the streetcar during the last 100 feet prior to the collision was 6 m. p. h. Mr. Whitaker testified that he saw decedent get into the automobile and drive into the path of the streetcar; that he would estimate the average speed of the automobile at 15 m. p. h.; that he would estimate that the streetcar was being operated at "no more than eight m. p. h." during the last 100 feet it traveled prior to the collision; that when the automobile commenced to cut in front of the streetcar "the streetcar felt as though a brake was being applied."

■ Under the humanitarian doctrine the defendant's operator owed decedent no duty until he was in a position of imminent peril. Paydon v. Globus, Mo.Sup., 262 S.W.2d 601. The parties agree that Mr. Hill was in a position of imminent peril from the time he turned his car "directly westward." The burden was upon plaintiff

to offer substantial evidence from which the jury could reasonably have found that defendant's operator, in the exercise of ordinary care and with reasonable safety to the persons in the streetcar, could thereafter, with the means available, have stopped said streetcar and thus have avoided the collision.

■ If we consider that the streetcar was going at a speed of 20 m. p. h. at the time the car turned westward it would appear at first blush that no submissible case was made. This for the reason that the vehicles were then 50 feet apart, the Renault was proceeding toward the tracks, and the operator stated that it would require 80 feet in which to stop the streetcar. However, we have concluded from a careful analysis of the evidence that plaintiff did make a submissible case.

■ The jury reasonably could have found the facts hereinafter stated: When decedent turned his car "directly westward" it was 12 feet from the path of the oncoming streetcar and was traveling at a speed of at least 15 m. p. h. It was at that time that the operator undertook the application of the brakes. The streetcar was then 50 feet to the south and was traveling at a speed of 20 m. p. h. When the Renault had traveled about 12 feet westward it suddenly swerved back into a northerly direction. There was no evidence as to the reaction time of the streetcar operator and we will therefore assume that it was three-fourths of a second. Vietmeier v. Voss, Mo.Sup., 246 S.W.2d 785. During the period of reaction time the streetcar moved forward 22 feet and the Renault had traveled about 16 feet. Therefore, during the time the streetcar was moving 22 feet to the north the Renault moved 12 feet toward the west and 4 feet in a northerly direction. It accordingly follows that at the time the streetcar brakes were actually applied both vehicles were traveling in approximately the same direction and were 32 feet (50′ – 22′ + 4′) apart. If in that distance the speed of the streetcar could have been reduced

from 20 to 15 m. p. h. (the Renault was continuing at a rate of 15 m. p. h.) the collision would have been averted because the streetcar would have been brought to a stop before it would have overtaken the Renault. At the rates of speed heretofore mentioned, after the Renault was turned back northwardly, the streetcar would gain upon it at a rate of 7½ feet per second. Therefore, if there had been no reduction in the speed of the streetcar the Renault would have traveled about 90 feet northwardly before the streetcar would have closed the 32-foot gap between the vehicles and would have collided with it. However, since there was evidence that the streetcar could have been stopped in 58 feet (after the lapse of reaction time) the jury reasonably could have concluded that the operator could have stopped the streetcar and thus have avoided the collision. See Nored v. St. Louis Public Service Co., Mo.Sup., 319 S. W.2d 608.

Defendant contends that plaintiff canno▸ demonstrate a submissible case by reasoning from speeds and distances because the operator of the streetcar was her witness and he testified that at the time the Renault was turned toward the tracks he immediately applied all available braking power and yet was unable to avoid a collision. In other words, defendant contends that the conclusion is inescapable that the collision could not have been avoided—that what was actually done was all that could have been done to avert the collision. Defendant, in support of that contention, relies on an observation of that nature in the case of Stephens v. Thompson, Mo.Sup., 293 S.W.2d 392, 395. In that case, however, the statement to which defendant has directed our attention was not made a basis for the decision and hence does not support defendant's instant contention.

 It is our view that the testimony of the operator indicating his conclusion that the collision could not have been averted is not conclusive. Other factual testimony from the operator, and others, is contradictory thereto and would reasonably support a contrary finding. Plaintiff is entitled to use the most favorable evidence and since she produced evidence from which the jury could reasonably find (as heretofore demonstrated) that the operator could have taken action which would have avoided the collision we must conclude that plaintiff made a submissible case.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.